**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND DIVISION**

| | |
|---|---|
| DEWAYNE SOLENBERG, on behalf of Himself and Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>UNIVERSAL PRESSURE PUMPING, INC. and PANDA TECHNICAL SERVICES, LLC<br><br>    Defendants. | **Case No.**<br><br>JURY TRIAL DEMANDED<br><br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. 216(b) |

**COLLECTIVE ACTION COMPLAINT**

**SUMMARY**

1. Dewayne Solenberg ("Solenberg") brings this lawsuit to recover unpaid overtime wages and other damages from Universal Pressure Pumping, Inc. ("Universal") and Panda Technical Services, LLC ("Panda") (collectively, "Defendants") under the Fair Labor Standards Act ("FLSA"). *See 29 U.S.C. 201, et seq.*

2. Solenberg worked for Defendants as a Field Mechanic/Field Technician.

3. Solenberg and other workers like him regularly worked for Defendants in excess of forty (40) hours each week.

4. But these workers never received overtime for hours worked in excess of forty (40) hours in a single workweek.

1

5.     Instead of paying overtime as required by the FLSA, Defendants improperly classified Solenberg and those similarly situated as independent contractors, and these workers received an hourly rate for each hour worked without overtime compensation.

6.     Solenberg and those similarly situated received the same hourly rate regardless of whether the time they worked was less than 40 hours or more than 40 hours during the workweek ("Straight Time for Overtime").

7.     Solenberg and those similarly situated never received a guaranteed salary.

8.     This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

JURISDICTION AND VENUE

9.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA.  *See 29 U.S.C. § 216(b)*

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) as Defendants conduct substantial business operations in this District and Division.

11.     Specifically, Defendants conduct substantial business operations in and around Midland, Texas, and Solenberg performed work for Defendants in and around Midland, Texas.

PARTIES

12.     Solenberg worked as a Field Mechanic/Field Technician for Defendants within the last three years.

13.     Throughout his employment with Defendants, Solenberg was paid an hourly rate with no overtime compensation and was classified as an independent contractor.

14.     Solenberg's relationship with Defendants was an employer/employee relationship.

15.     His written consent is attached as Exhibit A.

16.     Solenberg brings this action on behalf of himself and all others similarly situated Field Mechanics/Field Technicians who were classified as independent contractors and paid an hourly rate without overtime compensation by Defendants.

17.     Defendants paid each of these workers an hourly rate for each hour worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA.

18.     The collective of similarly situated employees sought to be certified is defined as follows:

> **All Field Mechanics/Field Technicians employed as independent contractors by, or working on behalf of Defendants, who were paid an hourly rate without overtime compensation for hours worked over 40 in a workweek at anytime during the past 3 years ("FLSA Class Members").**

19.     The FLSA Class Members are easily ascertainable from Defendant's business and personnel records.

20.     Defendant Universal**,** which provides pressure pumping, cementing, acidizing and reservoir enhancement services to the oil and gas industry, maintains its headquarters at 6 Desta Drive, Suite 4400, Midland, Texas 79705 and may be served with process by serving its registered agent Capitol Corporate Services, 206 E. 9th Street, Suite 1300, Austin, Texas 78701.

21.     Defendant Panda, which provides staffing services to service providers in the oil and gas industry, maintains its headquarters at 124 South Main Street, Suite 220, Burleson, Texas 76028 and may be served with process by serving its registered agent: Herb K. Minor, Jr., 3541 Denton Highway, Haltom City, Texas 76117.

### Coverage Under the FLSA

22.     At all times, Defendants have been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

3

23.     At all times, Defendants have been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

24.     At all times, Defendants have been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).  Defendants have and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials -- such as tools, cell phones, and personal protective equipment - that have been moved in or produced for commerce.

25.     Defendants have had and have an annual gross volume of sales made or business done in excess of $500,000.

26.     At all times, Solenberg and the FLSA Class Members were engaged in commerce or in the production of goods for commerce.

27.     Defendants treated Solenberg and the FLSA Class Members as employees and uniformly dictated the pay practices and other employment terms and conditions that they applied to Solenberg and the FLSA Class Members.

28.     Defendants' misclassification of Solenberg and the FLSA Class Members as independent contractors does not alter their status as employees for purposes of the FLSA.

29.     Defendants' uniform Straight Time for Overtime compensation practice, which deprived their employees of overtime compensation for weeks in which these workers worked over 40 hours, is a violation of the FLSA, 29 U.S.C. § 207(a) & (e).

## FACTUAL ALLEGATIONS

30.     Universal is an oil and gas service provider operating nationwide, including Texas and Oklahoma.

31.     Panda is a staffing services provider operating nationwide, including Texas and Oklahoma.

32.     To provide services to their many customers, Universal hires workers to perform operation and maintenance work.

33.     Some of the workers hired by Universal were provided by staffing services firm Panda.

34.     Defendants considered Solenberg and the FLSA Class Members to be contractors.

35.     But Defendants did not hire these workers on a project-by-project basis.

36.     Rather, Defendants hired and treated these workers just like regular, even if sometimes short term, employees.

37.     These individuals worked for Defendants on an hourly basis (without overtime pay).

38.     These workers make up the proposed FLSA Class.

39.     Solenberg worked for Defendants as a Field Mechanic/Field Technician within the last three (3) years.

40.     As a Field Mechanic/Field Technician, Solenberg's primary duties included operating oilfield machinery, performing maintenance on equipment, and working with other oilfield employees to perform those tasks.

41.     Solenberg did not have any supervisory duties.

42.     Solenberg did not hire or fire employees.

43.     Solenberg did not exercise discretion and judgement as to matters of significance.

44.     Solenberg was a blue-collar worker.

5

45.     Throughout his employment with Defendants, Solenberg was classified as an independent contractor.

46.     Solenberg and the FLSA Class Members worked for Defendants under their Straight Time for Overtime compensation practice.

47.     Solenberg and the FLSA Class Members did not receive a salary.

48.     If Solenberg and the FLSA Class Members did not work, they did not get paid.

49.     Solenberg and the FLSA Class Members received an hourly rate of $35.00 for each hour they worked.

50.     Solenberg and the FLSA Class Members did not receive the half-time premium required by the FLSA for hours worked in excess of 40 in a workweek.

51.     This is despite the fact that Solenberg and the FLSA Class Members typically worked 60 to 80 hours per week (i.e., 10 to 12 hours a day, for as many as 7 days a week, for weeks at a time).

52.     Although Solenberg typically worked 60 to 80 hours per week, he did not receive overtime pay.

53.     Solenberg and the FLSA Class Members received their hourly rate regardless of the number of hours they worked, and were paid Straight Time for Overtime if they worked more than 40 hours in a workweek.

54.     Without the job performed by Solenberg and the FLSA Class Members, Defendants would not have been able to complete their business objectives.

55.     Solenberg and the FLSA Class Members relied on Defendants for work and compensation.

6

56.     Solenberg and the FLSA Class Members worked in accordance with the schedule set by Defendants.

57.     Solenberg and the FLSA Class Members could not subcontract out work they were assigned by Defendants.

58.     Solenberg and the FLSA Class Members were required to follow Defendants' or their clients' policies and procedures.

59.     Solenberg and the FLSA Class Members' work had to adhere to the quality standards put in place by Defendants and/or their clients.

60.     Solenberg and the FLSA Class Members did not market their services while employed by Defendants.

61.     Solenberg and the FLSA Class Members worked exclusively for Defendants during the relevant time period.

62.     Solenberg and the FLSA Class Members did not incur operating expenses like rent, payroll, marketing, and/or insurance.

63.     Defendants and/or their clients controlled Solenberg's and the FLSA Class Members' work schedule, which prohibited them from working other jobs for other companies while working for Defendants.

64.     At all relevant times, Defendants and/or their clients maintained control, oversight, and direction of Solenberg and the FLSA Class Members, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

65.     Solenberg's work schedule was typical of the FLSA Class Members.

66.     Defendants controlled Solenberg and the FLSA Class Members' pay.

67.     Solenberg and the FLSA Class Members were not required to possess any unique or specialized skillset to perform their job duties.

68.     Defendants knew Solenberg and the FLSA Class Members worked for 60 to 80 hours per workweek.

69.     Defendants' records reflect the fact that Solenberg and the FLSA Class Members regularly worked far in excess of 40 hours in certain workweeks.

70.     Defendants knew that Solenberg and the FLSA Class Members did not receive overtime for hours worked in excess of 40 hours in any of those weeks.

71.     Instead, Solenberg and the FLSA Class Members were paid Straight Time for Overtime for all hours worked in excess of 40 hours in a workweek.

72.     Defendants controlled Solenberg and the FLSA Class Members' opportunities for profit and loss by dictating the days and hours they worked and the rates they were paid.

73.     While working for Defendants, Defendants controlled all of the significant or meaningful aspects of Solenberg's and the FLSA Class Members' job duties.

74.     Defendants exercised control over the hours and locations Solenberg and the FLSA Class Members' worked, the equipment they used, and the rates of pay they received.

75.     Even though Solenberg and the FLSA Class Members may have worked away from Defendants' offices, Defendants still controlled significant aspects of their job activities by enforcing mandatory compliance with their (or their clients') policies and procedures.

76.     Solenberg and the FLSA Class Members do not incur operating expenses like rent, payroll, marketing, and insurance.

77.     All of the FLSA Class Members performed similar job duties and were subject to the same or similar policies and procedures which dictated the day-to-day activities they perform.

8

78.     All of the FLSA Class Members worked similar hours and were denied overtime as a result of the illegal Straight Time for Overtime compensation practice.

79.     All of the FLSA Class Members worked in excess of 40 hours each week.

80.     Defendants denied Solenberg and the FLSA Class Members overtime for the hours they work in excess of 40 hours in a single workweek.

81.     Solenberg and the FLSA Class Members did not, and have never, received guaranteed weekly compensation irrespective of the days worked (i.e., the only compensation they received is the hourly rate they were assigned for all hours worked in a single day or week).

82.     Defendants' Straight Time for Overtime practice violates the FLSA because it deprives Solenberg and the FLSA Class Members of overtime for the hours they work in excess of 40 hours in a single workweek.

83.     Defendants knew Solenberg and the FLSA Class Members worked more than 40 hours in a workweek.

84.     Defendants knew, or showed reckless disregard for whether the FLSA Class Members were not exempt from the FLSA's overtime provisions.

85.     Defendants knew, or showed reckless disregard for whether the conduct described in this Complaint violated the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

86.     Solenberg brings this claim as a collective action under the FLSA.

87.     The FLSA Class Members were victimized by Defendants' pattern, practice, and/or pay policy which is in willful violation of the FLSA.

88.     Other FLSA Class Members worked with Solenberg and were paid in the same manner (an hourly rate and Straight Time for Overtime) and performed similar work.

9

89.     Based on his experiences with Defendants, Solenberg is aware that Defendants' illegal practices were imposed on the FLSA Class Members.

90.     The FLSA Class Members are similarly situated in all relevant respects.

91.     The FLSA Class Members are blue-collar workers.

92.     Even if their precise job duties might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

93.     The illegal Straight Time for Overtime compensation practice that Defendnats imposed on Solenberg was likewise imposed on all FLSA Class Members.

94.     Numerous individuals are victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

95.     The FLSA Class Members were similarly denied overtime when they work more than 40 hours per week.

96.     The overtime owed to Solenberg and the FLSA Class Members will be calculated using the same records and using the same formula.

97.     Solenberg's experiences are therefore typical of the experiences of the FLSA Class Members.

98.     The specific job titles or precise job locations of the various members of the FLSA Class do not prevent collective treatment.

99.     Solenberg has no interests contrary to, or in conflict with, the FLSA Class that would prevent collective treatment.

100.    Like each FLSA Class Member, Solenberg has an interest in obtaining the unpaid overtime wages owed under federal law.

101.    Solenberg and the FLSA Class Members sustained damages arising out of Defendants' illegal and uniform Straight Time for Overtime compensation practice.

102.    Defendants are liable under the FLSA for failing to pay overtime to Solenberg and the FLSA Class Members.

103.    Consistent with Defendants' illegal Straight Time for Overtime compensation practice, Solenberg and the FLSA Class Members were not paid the proper premium overtime compensation when they worked more than 40 hours in a workweek.

104.    As part of their regular business practices, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Solenberg and the FLSA Class Members.

105.    Defendants' Straight Time for Overtime compensation practice deprived Solenberg and the FLSA Class Members of the premium overtime wages they were owed under federal law.

106.    Defendants are aware, or should have been aware, that the FLSA required them to pay Solenberg and the FLSA Class Members overtime premiums for all hours worked in excess of 40 hours per workweek.

107.    There are many similarly situated FLSA Class Members who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join in.

108.    This notice should be sent to the FLSA Class Members pursuant to 29 U.S.C. § 216(b).

109.    Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## CAUSE OF ACTION – VIOLATION OF THE FLSA

110.   Solenberg realleges and incorporates by reference all allegations in the preceding paragraphs.

111.   Solenberg brings his FLSA claim as a collective action under 29 U.S.C § 216(b).

112.   Defendants violated, and are violating, the FLSA by failing to pay Solenberg and the FLSA Class Members overtime.

113.   Defendants misclassified Solenberg and the FLSA Class Members for purposes of the FLSA overtime requirements.

114.   Defendants cannot meet their burden to demonstrate that Solenberg and the FLSA Class Members were exempt from overtime under the executive exemption.

115.   Defendants cannot meet their burden to demonstrate that Solenberg and the FLSA Class Members were exempt from overtime under the executive administrative exemption.

116.   Defendants cannot meet their burden to demonstrate that Solenberg and the FLSA Class Members were exempt from overtime under the professional exemption.

117.   Defendants cannot meet their burden to demonstrate that Solenberg and the FLSA Class Members were exempt from overtime under the highly compensated exemption.

118.   Defendants misclassified Solenberg and the FLSA Class Members as contractors.

119.   Defendants failed to guarantee Solenberg and the FLSA Class Members a salary.

120.   Defendants failed to pay Solenberg and the FLSA Class Members overtime.

121.   Defendants paid Solenberg and the FLSA Class Members an hourly rate and Straight Time for Overtime.

122.   Defendants knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the FLSA Class overtime compensation.

123.   Defendants' failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

124.   Accordingly, Solenberg and the FLSA Class Members are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees and costs.

## JURY DEMAND

125.   Solenberg demands a jury trial.

## PRAYER

WHEREFORE, Solenberg, individually, and on behalf of the FLSA Class Members respectfully requests that this Court grant the following relief:

    a.    An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the FLSA Class Members to permit them to join this action by filing written notice of consent;

    b.    A judgment against Defendants awarding Solenberg and the FLSA Class Members all of their unpaid overtime compensation and an additional, equal amount, as liquidated damages;

    c.    Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA;

    d.    An order awarding attorney's fees, costs, and expenses;

    e.    Pre- and post-judgment interest at the highest applicable rates; and

    f.    Such other and further relief as may be necessary and appropriate.

Respectfully submitted,


BY:     */s/ Christopher E. Stoy*
        **CHRISTOPHER E. STOY**
        State Bar No. 24075125
        E-mail: *cesservice@hsjustice.com*

        **S. RAFE FOREMAN**
        State Bar No.  TX 07255200
        E-mail: *SRFservice@hsjustice.com*

        **HUTCHINSON & STOY**
        505 Pecan Street, Suite 101
        Fort Worth, Texas 76102
        Telephone: (817) 820-0100

        &


BY:     */s/ Lewis B. Gardner*
        **LEWIS B. GARDNER**
        State Bar No. 00795931
        E-mail: *lgardner@gfemploymentlaw.com*
        **ROBERT W. FRANKHOUSER**
        E-mail: *rfrankhouser@gfemploymentlaw.com*

        **GARDNER FRANKHOUSER, LLP**
        7418 Brighton Road, Suite 211
        Pittsburgh, Pennsylvania 15202
        Telephone: (412) 903-7720

        *Pro Hac Vice Application Pending*

        **ATTORNEYS-IN-CHARGE FOR PLAINTIFFS**

14

# EXHIBIT A

## **FAIR LABOR STANDARDS ACT EMPLOYMENT SERVICES CONSENT**

Print Name: Dewayne Solenberg

1. I hereby consent to make a claim against Universal Pressure Pumping, Inc. and Panda Technical Services, LLC to pursue my claims of unpaid overtime during the time that I worked with these companies.

2. I designate the law firm and attorneys at GARDNERFRANKHOUSER, LLP as my attorneys to prosecute and make decisions concerning my wage claims, the manner and method of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

3. I authorize the law firm and attorneys at GARDNERFRANKHOUSER, LLP to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against Universal Pressure Pumping, Inc. and Panda Technical Services, LLC.

4. I understand that, by filing this Consent Form, I will be bound by the Judgment of the Court or arbitrator on all issues in this case.

Signature: _____     Date
Signed: 01 / 08 / 2020